United States Bankruptcy Court
Southern District of Texas

**ENTERED**

December 06, 2022

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 20-31585** |
| **PEARL RESOURCES LLC** | § | |
| **and** | § | **CHAPTER 11** |
| **PEARL RESOURCES OPERATING CO.** | § | |
| **LLC,** | § | |
| | § | |
| Debtors. | § | |
| | § | |
| **PEARL RESOURCES OPERATING CO.** | § | |
| **LLC** | § | |
| **and** | § | |
| **PEARL RESOURCES LLC,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 22-3297** |
| | § | |
| **TRANSCON CAPITAL, LLC,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Transcon Capital, LLC requests that this court mandatorily abstain and remand; Cause No. P-7797-83-CV back to the 83rd District Court of Pecos County, Texas pursuant to 28 U.S.C. § 1334(c)(2). Alternatively, Transcon Capital, LLC seeks permissive abstention and remand pursuant to 28 U.S.C. § 1334(C)(1) or equitable remand under 28 U.S.C. § 1452(a). Pearl Resources Operating Co. LLC and Pearl Resources LLC oppose such relief. On December 5, 2022, the Court held a hearing and for the reasons stated herein, Transcon Capital, LLC's motion for abstention or in the alternative to remand is denied.

### I. BACKGROUND

1. On July 13, 2018, Transcon Capital, LLC ("*Transcon*") filed "*Defendants Wild Well Control, Inc.'s and Transcon Capital, L.L.C.'s Motion for Leave to File Counterclaims and*

*Third Party Petition*" in Cause No.: P-7797-83-CV, 83rd District Court of Pecos County, Texas (the "*State Court Action*") against Pearl Resources LLC and Pearl Resources Operating Co. LLC (collectively "*Debtors*" or "*Pearl*"). The State Court Action involved claims relating to, not only, Transcon's lien claim, but also other claims, including quantum meruit (the "*Quantum Meruit Claim*"), not yet ruled on by the state court.[1]

2.  On August 7, 2019, the state court granted interlocutory summary judgment in favor of Transcon. To make the judgment final for collection and/or appeal, Transcon filed a Motion to Sever only referencing the severance of the limited matter which was the subject of the Interlocutory Summary Judgment—Transcon's lien claim. The order for severance was granted on October 1, 2019—therein the severed action was given the separate cause of action number of *P-7797A-83-CV* (the "*Severed Action*").[2]

3.  On October 2, 2019, post severance and in the Severed Action, a final judgment was entered in favor of Transcon for the total amount of $90,223.87 (the "*Corrected Final Judgment*"). Subsequently, Pearl appealed the Corrected Final Judgment in Appeal No. 08-19-00288-CV; *Pearl Resources Operating Co. LLC and Pearl Resources LLC v. Transcon Capital, LLC*; in the Court of Appeals for the Eighth District of Texas in El Paso (the "*Appeal*"), which only referenced the Severed Action. [3]

4.  On March 30, 2020, Pearl filed for relief under chapter 11 of the United States Bankruptcy Code.[4]

5.  On March 10, 2020, the Court issued an order jointly administering Pearl's two chapter 11 cases.[5]

6.  On April 2, 2020, Transcon filed a secured proof of claim in the amount of $90,223.87, asserting a lien on the "Garnet State Well No. 4 Leasehold." [6]

7.  On May 20, 2020, Pearl filed "Debtors' Objection To Proof Of Claim Filed By Transcon Capital, LLC, And Notice Of Hearing" seeking disallowance under § 502(b)(1) ("*Claim Objection*").[7]

8.  On June 19, 2020, Transcon filed "Transcon Capital, LLC's, Response To Debtors' Objection To Proof Of Claim."[8]

9.  On July 15, 2020, this Court signed an "Agreed Order Granting Transcon Capital, LLC's Motion For Relief From Automatic Stay"[9] and an "Agreed Order Abating Debtors'

---

[1] ECF No. 6 at 2, ¶ 1.
[2] *Id.* at 2, ¶ 3.
[3] *Id.*
[4] Citations to Debtors' Bankruptcy case, 20-31585, shall take the form "Bankr. ECF No. —." Bankr. ECF No. 1.
[5] Bankr. 20-31585, ECF No. 27
[6] Claim No. 2-1.
[7] Bankr. ECF No. 120.
[8] Bankr. ECF No. 153.
[9] Bankr. ECF No. 196.

Objection To Proof Of Claim Filed By Transcon Capital, LLC, And Setting Status Conference"[10] wherein the Claim Objection was abated while the parties  pursued an appeal in the Eighth District Court of Appeals of El Paso Texas in Case No. 08-19-00288-CV (the "*Appeal*") of the Corrected Final Judgement in the Severed Action.[11]

10. On February 12, 2022, the El Paso Court of Appeals entered its opinion and judgment reversing the trial court's judgment in favor of Transcon, rendering judgment for Pearl that Transcon's mineral property lien was invalid and further rendering a take nothing judgment on Transcon's counterclaim and remanded the case to the trial court for consideration of granting attorney's fees ("*Claim for Attorney's Fees*") to Pearl given this ruling.  The deadline for Transcon to file a motion for rehearing or a petition for review with the Texas Supreme Court has passed. Transcon's Quantum Meruit claim, remains in the unsevered State Court Action.[12]

11. On July 20, 2022, this Court entered an "Order On Debtors' Motion To Clarify Or Modify Confirmation Order To Retain Jurisdiction Over Claims Regarding Creditor Transcon Capital, LLC And Parsley Energy, Inc., et al wherein the Court vacated the Agreed Order Abating Debtors' Objection to Proof of Claim Filed by Transcon[13] and modified the confirmation order[14] to clarify that the Court retained jurisdiction over Transcon's proof of claim and related matters including Pearls claim for attorney's fees.[15]

12. On August 3, 2022, this Court entered and "Order Granting Motion Pursuant To Federal Rule Of Bankruptcy Procedure 9006(B) To Extend The Deadline To Remove Certain State Court Actions"[16] granting Pearl until August 17, 2022 to remove *Pearl Resources Operating Co., LLC and Pearl Resources, LLC v. Transcon Capital, LLC*; in the 83rd District Court of Pecos County, Texas to this Court.

13. On August 12, 2022, Pearl filed their "Notice of Removal" of the State Court Case to the United States Bankruptcy Court for the Western District of Texas[17] along with a motion to transfer venue to this Court. The motion to transfer venue was granted on September 13, 2022.[18]

14. On October 11, 2022, Transcon filed "Transcon Capital, LLC's Motion For Mandatory Abstention And Remand; Alternatively, Motion For Permissive Abstention And Remand; Alternatively, Motion To Remand"[19] ("*Motion to Remand*").

15. On November 1, 2022, Pearl filed "Debtor Plaintiff's Objection and Brief in Support to

---

[10] Bankr. ECF No. 194.
[11] *Id.*
[12] Bankr. ECF No. 324, Exs. 1 and 2.
[13] Bankr. ECF No. 194.
[14] Bankr. ECF No. 239.
[15] Bankr. ECF No. 331.
[16] Bankr. ECF No. 336.
[17] ECF No. 1.
[18] ECF No. 3.
[19] ECF No. 6.

Transcon Capital, LLC's Motion for Mandatory Abstention and Remand; Alternatively, Motion for Permissive Abstention and Remand; Alternatively, Motion to Remand" ("*Pearl's Objection*").

16. On December 5, 2022, this Court held a hearing.[20]

## II.   JURISDICTION AND VENUE

Title 28 U.S.C. § 1334(b) grants this Court jurisdiction over "all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]." The Court, in its discretion, may abstain from hearing cases under 28 U.S.C. § 1334(c)(1).[21] The Court may also remand a proceeding on any equitable ground.[22] However, the Court has continuous jurisdiction to interpret and enforce its own orders.[23] The jurisdictional issue in this case involves the question of whether the instant adversary proceeding should be remanded to the 83rd District Court of Pecos County, Texas.

Furthermore, this Court may only hear a case in which venue is proper.[24] Pursuant to § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."[25] Debtors' main chapter 11 case is presently pending in this Court and therefore, venue of this adversary proceeding is proper.

## III.   ANALYSIS

On October 11, 2022, Transcon filed the Motion to Remand seeking: (1) mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2); (2) permissive abstention pursuant to 28 U.S.C. § 1334(C)(1); or, in the alternative, (3) equitable remand under 28 U.S.C. § 1452(a).[26] As a

---

[20] ECF No. 7.
[21] *E.g.*, *Rohi v. Brewer & Pritchard*, 2019 WL 6894775 at *9 (S.D. Tex. Dec. 17, 2019).
[22] *See, e.g.*, 28 U.S.C. § 1334(c)(1)*; In re Gober*, 100 F.3d 1195 (5th Cir. 1996); *In re Wood*, 825 F 2d. 90 (5th Cir. 1997).
[23] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)).
[24] 28 U.S.C. § 1408.
[25] 28 U.S.C. § 1409(a).
[26] ECF No. 6.

preliminary matter, the Court will consider Pearl's contention that Transcon's request for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) was untimely and thus should not be considered.[27]

## A. Whether Transcon's argument for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) in the Motion to Remand was timely filed

Pearl contends that the portion of Transcon's Motion to Remand for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) is untimely.[28] Under 28 U.S.C. § 1334(c)(2), there is a general requirement that mandatory abstention be raised by a "timely motion."[29] Section 1334(c)(2) does not define "timely," and courts apply a case-by-case approach.[30] The relevant considerations include whether the movant moves as soon as possible after he or she should have learned the grounds for such a motion.[31]

Here, Pearl removed the instant matter to the bankruptcy court for the Western District of Texas on August 12, 2022.[32] On the same day, Pearl also filed a motion to transfer venue to the bankruptcy court for the Southern District of Texas.[33] The motion to transfer venue was granted on September 15, 2022[34] and transferred to this Court on October 4, 2022.[35] During the thirty-two-day period between the case being removed to the bankruptcy court for the Western District of Texas and the order granting the motion to transfer venue, Transcon failed to file anything on the docket.[36] Instead, Transcon waited until October 11, 2022, sixty-one days after the case was

---

[27] ECF No. 7 at 17-18.
[28] *Id.*
[29] 28 U.S.C. § 1334(c)(2).
[30] *Fried v. Lehman Bros. Real Estate Associates III, L.P.*, 496 B.R. 706, 712 (S.D. N.Y. 2013).
[31] *D E C Land Co. v. Grigsby Petroleum*, No. 20-cv-0147, 2020 U.S. Dist. LEXIS 222346, at *12 (W.D. La. 2020).
[32] ECF No. 1.
[33] ECF No. 2.
[34] ECF No. 3.
[35] ECF No. 5.
[36] *See* docket.

originally removed to file the Motion to Remand.[37]  Having failed to promptly file its request for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2), this portion of the Motion to Remand was not timely under the circumstances.

Accordingly, the Court finds that Transcon's request for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) is untimely and will not be considered.

Since the Court has determined that Transcon's request for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) was untimely, the Court need only consider Transcon's two remaining arguments in the Motion to Remand: (1) permissive abstention pursuant to 28 U.S.C. § 1334(C)(1); or, in the alternative, (2) equitable remand under 28 U.S.C. § 1452(a).  The Court will discuss each in turn.

## B.  Whether permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) is warranted

Section 1334 provides that "nothing in this section prevents a district court in the interest of justice, or in the comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."[38] Although the Court is not required to abstain under § 1334(c)(2), it may discretionarily decline to hear the proceedings, just as it may choose to remand a removed case on any equitable ground.[39] In *In re Montalvo*, fourteen factors were developed to analyze a motion to abstain under § 1334(c)(1).[40]  The factors include:

(1) effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention;

(2) extent to which state law issues predominate over bankruptcy issues;

(3) difficult or unsettled nature of applicable law;

---

[37] ECF No. 6.
[38] 28 U.S.C. § 1334(c)(1).
[39] *See* 28 U.S.C. § 1452(a).
[40] *Montalvo v. Vela (In re Montalvo)*, 559 B.R. 825, 839 (Bankr. S.D. Tex. 2016).

(4) presence of related proceeding commenced in state court or other non-bank-ruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to al-low judgment to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of non-debtor parties;

(13) comity; and

(14) possibility of prejudice to other parties in the action.[41]

Bankruptcy courts have broad discretion on whether to abstain from both the plain lan-guage of § 1334 and the Fifth Circuit's decision in *In re Wood*.[42] Section 1334(c)(1) is a broadly-worded statute allowing federal courts to decline to exercise jurisdiction "in the interest of justice, or in the interest of comity with State courts or respect for State law."[43] In *Wood*, the Fifth Circuit noted the discretionary abstention provision of § 1334(c)(1) helps prevent the broad language of § 1334(b) from bringing into federal court matters which should be left to state courts to decide.[44] The Court will now analyze each of the fourteen factors.

### 1. Effect or lack thereof on the efficient administration of the estate if the court recom-mends [remand or] abstention

---

[41] *Ramirez*, 413 B.R. at 631-32 (citing to *J.T. Thorpe Co.*, 2003 U.S. Dist. LEXIS 26016, at *22-23).
[42] *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) (stating that § 1334 "grants the district court broad power to abstain whenever appropriate").
[43] 28 U.S.C. § 1334; *see also Wood*, 825 F.2d at 93.
[44] *In re Houston Regional Sports Network, L.P.*, 514 B.R. at 218 (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987)).

The first factor, the efficient administration of the estate, favors denying abstention and remand.  The two remaining claims are Transcon's Quantum Meruit Claim and Pearl's Claim for Attorney's Fees.  While non-core, these claims will effectively determine the allowance and amount of Transcon's Proof of Claim filed in Pearl's bankruptcy case.  Hearing these suits in bankruptcy court will remove the need for a duplicative claim objection proceeding.

Furthermore, Pearl argues that the efficient administration of the estate could be adversely effected if this Court abstains because "Transcon did not file a proof of claim against Pearl Operating and its proof of claim against Pearl Resources provided no documentation to support a quantum meruit claim."[45]  Thus, Pearl contends that "[s]ending this case to state court could result in Transcon obtaining a judgment against Debtors despite its defective or non-existent proofs of claim and having to return to this Court to correct any such errors."[46]  The Court agrees with Pearl that Transcon's decision to only file a proof of claim against one of the joint-debtors in this case further complicates the issue and could result in inefficient administration of the estate if the Court decided to abstain and remand.  Thus, the first factor favors retention.

### 2.  Extent to which state law issues predominate over bankruptcy issues

Next, the second factor favors abstention and remand because all of the claims arise under Texas state law.[47]  First, Transcon brings the Quantum Meruit Claim arising under Texas state law.  Second, Pearl brings the Claim for Attorney's Fees which also originates under state law.  Thus, the second factor favors abstention and remand.

### 3.  Difficult or unsettled nature of applicable law

---

[45] ECF No. 7 at 12.
[46] *Id.*
[47] *See Hassell Constr. Co. v. Hassell (In re Hassell)*, Nos. 19-30694, 19-03452, 19-03453, 2020 Bankr. LEXIS 23, at *9 (Bankr. S.D. Tex. 2020) (finding that the second factor favored remand when all of the claims derived from Texas law).

Factor three, the difficult or unsettled nature of the law, favors retention.  The various claims asserted in these actions are well established under Texas law and the Court will merely be tasked with applying Texas law to the facts of this case.  Furthermore, in previous proceedings involving Pearl, this Court has demonstrated that there is no difficulty in applying state law with respect to such claims.[48]  Thus, the third factor favor retention.

### 4.  Presence of related proceeding commenced in state court or other non-bankruptcy proceeding

The fourth factor favors retention.  The Quantum Meruit Claim and the Claim for Attorney's Fees are the last remaining claims from the State Court Action.  Since all other claims from the State Court Action have been resolved, there is no related proceeding in state court.  Thus, the fourth factor favors retention.

### 5.  Jurisdictional basis, if any, other than § 1334

The fifth factor supports remand because this Court would possess neither federal question nor diversity jurisdiction over these claims.  Only § 1334 creates federal jurisdiction here.[49]  Because the claims all derive from state law, no federal question is presented.  Further, all parties to these suits reside in Texas,[50] so diversity of citizenship cannot support federal jurisdiction.  Thus, the fifth factor supports remand.

### 6.  Degree of relatedness or remoteness of proceeding to main bankruptcy case

Factor six, the relatedness to the main bankruptcy case, favors retaining the suits in bankruptcy.  Although the Quantum Meruit Claim and the Claim for Attorney's Fees are non-core,

---

[48] *Pearl Res. LLC v. Allied OFS LLC (In re Pearl Res. LLC)*, Nos. 20-31585, 20-3077, 2022 Bankr. LEXIS 2675 (Bankr. S.D. Tex. 2022).
[49] *See, e.g., Collins v. Sydow (In re NC12, Inc.)*, 478 B.R. 820, 840 (Bankr. S.D. Tex. 2012); *see also Special Value Continuation Partners, L.P. v. Jones*, 2011 Bankr. LEXIS 4475, 2011 WL 5593058 (Bankr. S.D. Tex. Nov. 10, 2011).
[50] ECF No. 1.

resolution of the claims will have a significant determinative effect on the assets and liabilities Pearl's bankruptcy estate. Thus, the sixth factor favors retention.

### 7. The substance rather than the form of an asserted core proceeding

Factor seven, the substance of the claims, weighs in favor of abstention and remand because only state law claims are asserted.[51] These are not core proceedings. Instead, they are "related to" proceedings because the claims may conceivably affect the administration of the Debtor's estate. Thus, the seventh factor favors abstention and remand.

### 8. The feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court

Factor eight, the feasibility of severance, is neutral. All claims in these proceedings arise under state law. Severing the state and bankruptcy law matters is not necessary, since the claims arise under state law. There are no bankruptcy specific questions to bifurcate.[52] Thus, the eighth factor is neutral.

### 9. The burden of the bankruptcy court's docket

Factor nine, the burden on the docket, is neutral as well. This Court can hear these proceedings without overwhelming its docket. This Court has no reason to believe that the state court cannot do the same. Thus, the ninth factor is neutral.

### 10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties

For the tenth factor, there is no evidence of forum shopping. Even Transcon concedes the lack of such evidence in the Motion to Remand.[53] Thus, the tenth factor is neutral.

### 11. The existence of a right to a jury trial

---

[51] *See In re Hassell*, Nos. 19-30694, 19-03452, 19-03453, 2020 Bankr. LEXIS 23, at *9-10 (finding that the ninth factor favored abstention and remand when the proceedings were non-core and only "related to" jurisdiction existed).
[52] *Id.* at *10 (finding that the eighth factor was neutral when there were no bankruptcy specific questions).
[53] ECF No. 6 at 14.

Regarding the eleventh factor, both sides agree that no right to a jury trial has been asserted for either the Quantum Meruit Claim or the Claim for Attorney's Fees.[54]  Thus, the eleventh factor is neutral.

### 12. The presence in the proceeding of non-debtor parties

Factor twelve, the presence of non-debtor parties, favors retention because each claim is asserted by or against Debtors.  Specifically, the Quantum Meruit Claim is brought against Pearl while Pearl itself brings the Claim for Attorney's Fees.  Thus, factor twelve favors retention.

### 13. Comity

The thirteenth factor is neutral because although the Quantum Meruit Claim and the Claim for Attorney's Fees are Texas state law causes of action, there are no novel issues of state law presented.  In similar circumstances, in both *In re Hous. Reg'l Sports Network, L.P.*[55] and *In re Hassell*,[56] courts have previously found factor thirteen neutral.  Thus, this Court finds that the thirteenth factor is neutral.

### 14. Possibility of prejudice to other parties in the action

Factor fourteen, prejudicial effect, is neutral.  When considering the fourteenth factor, the Court must consider both whether prejudice will result if the case were remanded to state court or whether prejudice will result if the Court retained jurisdiction.[57]  Pearl alleges that it will be prejudiced if the Court were to abstain and remand because of the transportation challenges associated with litigating in the 83rd District Court of Pecos County, Texas.[58]  Pearl argues that since its counsel is located primarily in Houston, Texas traveling to Pecos County would be more

---

[54] *Id.*; ECF No. 7 at 14.
[55] *Hous. Baseball Partners LLC v. Comcast Corp. (In re Hous. Reg'l Sports Network, L.P.)*, 514 B.R. 211, 216 (Bankr. S.D. Tex. 2014).
[56] *In re Hassell*, Nos. 19-30694, 19-03452, 19-03453, 2020 Bankr. LEXIS 23, at *15.
[57] *See In re Hous. Reg'l Sports Network, L.P.*, 514 B.R. at 217.
[58] ECF No. 7.

difficult.[59]  The flaw with Pearl's position is that the inverse is true were the Court to retain juris-diction.  Since Transcon's primary counsel is located in Lubbock, Texas, traveling to Houston, Texas would greatly increase the travel distance and prejudice Transcon.  Thus, the fourteenth factor is neutral.

### Equitable Application of Permissive Abstention Doctrine

A numerical weighting of the factors favors retention.  Factors two, five, and seven favor abstention, factors one, three, four, six, and twelve favor retention, and factors eight, nine, ten, eleven, thirteen, and fourteen are neutral.  More important than the numerical count of factors weighing for and against abstention, however, the Court must determine which arguments are of greater importance and persuasion.[60]

The Court finds the factors pointing towards retention decisive.  Although these claims are non-core, their resolution will heavily impact the administration of Pearl's bankruptcy estate.  The outcome will either increase the assets available for distribution or establish the amount of allowed claims.  Additionally, the Quantum Meruit Claim and the Claim for Attorney's Fees alleged here are thoroughly developed in Texas and the Court will not be tasked with deciding novel state law issues.  Hearing the remaining proceeding in bankruptcy court will also avoid duplicative claim objections.  This furthers the goal of judicial economy.

On the other hand, the three factors favoring remand do so because only state law claims are present.  If the effect on the main bankruptcy case was tenuous or if novel state law issues were present, remand might be appropriate. However, abstention and remand based solely on the pres-ence of state law claims ignores the practical benefits of hearing these claims in bankruptcy court.

---

[59] *Id.*
[60] *See Special Value Continuation Partners*, 2011 Bankr. LEXIS 4475, 2011 WL 5593058 at *10; *In re Schlotzsky's*, Inc., 351 B.R. 430, 435 (Bankr. W.D. Tex. 2006).

The Court finds that retention of these proceedings in bankruptcy court is the best course forward. This result is consistent with the Supreme Court's *Colorado River* directive that federal courts should exercise their jurisdiction to hear claims.[61]  The result also illustrates a balance between the general principle that a bankruptcy court should avoid resolving claims that should be heard before a state tribunal and the desire to exercise jurisdiction in a manner that promotes efficiency.  Pearl's bankruptcy estate, the bankruptcy court, and the state court all benefit from deciding these proceedings in bankruptcy.  This efficiency, as well as the direct impact these claims have on the estate, supports hearing these claims in federal court.

Accordingly, Transcon's request for permissive abstention pursuant to § 1334(c)(1) is denied.

## C. Whether equitable remand pursuant to 28 U.S.C. § 1452(a) is warranted

Section 1452 also allows the court to which such claim or cause of action is removed to remand such claim or cause of action on any equitable ground.[62]  A motion to remand, pursuant to § 1452, or abstention, under § 1334(c)(1), are similar in nature, as both are rooted in equity and courts have discretion to rule.[63]  Remand under §§ 1452 and 1334(c)(1) also use similar factors for considering whether to remand the removed action.[64]  In determining whether to grant a motion to remand under § 1452(b), this Court previously adopted two sets of factors.[65]  The Court will analyze each in turn.

### i.   First set of factors as to whether the Court should remand or abstain

---

[61] *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).

[62] 28 U.S.C. § 1452(b).

[63] *J.T. Thorpe Co. v. Am. Motorists*, 2003 U.S. Dist. LEXIS 26016, at *21 (S.D. Tex. June 6, 2003).

[64] *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984); *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F.Supp.2d 596, 603 n.1 (S.D.Tex.1999); *see also Ramirez v. Rodriguez*, 413 B.R. 621, 631–33 (Bankr. S.D. Tex. 2009).

[65] *In re Treyson Dev., Inc.*, No. 14-70256, 2016 WL 1604347, at *19 (Bankr. S.D. Tex. Apr. 19, 2016); *see also In re Montalvo*, 559 B.R. 825 (Bankr. S.D. Tex. 2016).

The first set of factors considers whether the Court should remand or abstain and include:

(1) the convenience of the forum;

(2) the presence of non-debtor parties;

(3) whether the case should be tried as a whole in state court;

(4) the duplicative and uneconomic effect of judicial resources in two forums;

(5) the lessened possibility of inconsistent results;

(6) whether the state court would be better able to handle issues of State law;

(7) the expertise of the Bankruptcy Court;

(8) the degree of relatedness or remoteness to the main bankruptcy case;

(9) prejudice to involuntarily removed parties;

(10) whether the case involves forum shopping;

(11) the burden on the Bankruptcy Court's docket; and

(12) considerations of comity.[66]

Because § 1452(b) is similar to § 1334(c) in purpose, factors which weigh in favor of discretionary abstention or dictate mandatory abstention under § 1334(c) will also weigh in favor of equitable remand under § 1452(b).[67]

### 1. The convenience of the forum

Factor one is neutral. Pearl Resources LLC and Pearl Operating Co. LLC are both limited liability companies registered in Houston, Texas.[68] Transcon is a limited liability company located in Lubbock, Texas.[69] While remand would be more convenient for Transcon, retention would be more convenient for Pearl. Thus, the first factor is neutral.

---

[66] *Texas Gulf Trawling Co. v. RCA Trawlers & Supply, Inc.* (*In re Ciclon Negro, Inc.*), 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001) (citing to *Browning*, 743 F.2d at 1076 n.21, and *In re U.S. Brass Corp.*, 173 B.R. 1000, 1005 (Bankr. E.D. Tex. 1994)).
[67] *J.T. Thorpe Co. v. Am. Motorists*, 2003 U.S. Dist. LEXIS 26016, at *1, *21 (S.D. Tex. June 6, 2003) (citing to *Lee v. Miller*, 263 B.R. 757, 763 (S.D.Miss.2001)).
[68] Bankr. ECF No. 1.
[69] Bankr. ECF No. 120.

### 2.  The presence of non-debtor parties

The second factor favors retention because each claim is asserted by or against Debtors. Specifically, the Quantum Meruit Claim is brought against Pearl while Pearl itself brings the Claim for Attorney's Fees.  Thus, factor two favors retention.

### 3.  Whether the case should be tried as a whole in state court

The third factor is neutral.  The Quantum Meruit Claim and the Claim for Attorney's Fees are the last remaining claims from the State Court Action.  Since all other claims from the State Court Action have been resolved, these claims may be tried as a whole in state court or in this Court.  Thus, the third factor is neutral.

### 4.  The duplicative and uneconomic effect of judicial resources in two forums

For the fourth factor, remanding these claims to the state court would be duplicative and uneconomic since the matters will still need to be resolved through the bankruptcy claims objection process.  Thus, the fourth factor favors retention.

### 5.  The lessened possibility of inconsistent results

The fifth factor is the lessened possibility of inconsistent results.  Even if the Court were to remand the Quantum Meruit Claim and the Claim for Attorney's Fees, this Court will still need to rule on the Claim Objection.  Retaining jurisdiction over these two claims would lessen the possibility of inconsistent results between this Court and the state court.  Thus, the fifth factor favors retention.

### 6.  Whether the state court would be better able to handle issues of State law

For the sixth factor, the issues surrounding the claims involved in this lawsuit exclusively derive from state law, but are not unfamiliar to federal courts.  Thus, the sixth factor is neutral.

### 7.  The expertise of the Bankruptcy Court

While this Court readily possesses the requisite level of expertise to decide these state law issues, there has not been a showing that this Court cannot resolve the matter as easily as the state court.  Thus, the seventh factor is neutral.

### 8.   The degree of relatedness or remoteness to the main bankruptcy case

Factor eight favors retaining the Quantum Meruit Claim and the Claim for Attorney's Fees in bankruptcy.  Although both of these claims are non-core, resolution of the claims will have a significant determinative effect on the assets and liabilities Pearl's bankruptcy estate.  Thus, the eighth factor favors retention.

### 9.   Prejudice to involuntarily removed parties

Factor nine, prejudice to involuntarily removed parties, favors remand.  Here, the only involuntarily removed party is Transcon.  Since Transcon and its primary counsel are located in Lubbock, Texas, traveling to Houston, Texas would greatly increase the travel distance and prejudice Transcon.  Thus, the ninth factor favors remand.

### 10. Whether the case involves forum shopping

For the tenth factor, there is no evidence of forum shopping.  Even Transcon concedes the lack of such evidence in the Motion to Remand.[70]  Thus, the tenth factor is neutral.

### 11. The burden on the Bankruptcy Court's docket

Factor eleven, the burden on the docket, is neutral as well.  This Court can hear these proceedings without overwhelming its docket.  This Court has no reason to believe that the state court cannot do the same.  Thus, the eleventh factor is neutral.

### 12. Considerations of comity

---

[70] ECF No. 6 at 14.

The twelfth factor is neutral because although the Quantum Meruit Claim and the Claim for Attorney's Fees are Texas state law causes of action, there are no novel issues of state law presented.  Thus, this Court finds that the twelfth factor is neutral.

## ii.   Application of the first set of factors

In total, for the first test under § 1452(b), factors two, four, five, and eight weigh against remand, factor nine supports remand, and factors one, three, six, seven, ten, eleven, and twelve are neutral.  Furthermore, similar to the analysis above, the Court is persuaded to retain jurisdiction because the resolution of these claims will heavily impact the administration of Pearl's bankruptcy estate, and the issues before the Court are well settled.  Thus, the first test does not support remand.

## iii.   Second set of factors as to whether the Court should remand or abstain

Next, the Court will analyze the second set of factors. These include:

(1) forum non conveniens;

(2) whether the civil action has been bifurcated during removal, which favors a trial of the entire action in state court;

(3) whether the state court has greater ability to respond to questions of state law;

(4) the  particular court's expertise;

(5) the inefficiencies of proceedings in two forums;

(6) prejudice to the involuntarily removed party;

(7) comity; and

(8) possibility of an inconsistent result.[71]

### 1.   Forum non conveniens

Factor one is neutral.  Pearl Resources LLC and Pearl Operating Co. LLC are both limited liability companies registered in Houston, Texas.[72]  Transcon is a limited liability company located

---

[71] *Ramirez v. Rodriguez (In re Ramirez)*, 413 B.R. 621, 632–33 (Bankr. S.D. Tex. 2009).
[72] Bankr. ECF No. 1.

in Lubbock, Texas.[73]  While remand would be more convenient for Transcon, retention would be more convenient for Pearl.  Thus, the first factor is neutral.

### 2.   Whether the civil action has been bifurcated during removal, which favors a trial of the entire action in state court

For the second factor, the Quantum Meruit Claim and the Claim for Attorney's Fees are the only remaining claims in the State Court Action.  The other claims were bifurcated prior to removal and have already resulted in a judgment.[74]  Thus, the second factor is neutral.

### 3.   Whether the state court has greater ability to respond to questions of state law

For the third factor, the issues surrounding the claims involved in this lawsuit exclusively derive from state law, but are not unfamiliar to federal courts.  Thus, the third factor is neutral.

### 4.   The particular court's expertise

Factor four, the particular court's expertise, favors retention.  The various claims asserted in these actions are well established under Texas law and this Court will merely be tasked with applying Texas law to the facts of this case.  Furthermore, in previous proceedings involving Pearl, this Court has demonstrated that there is no difficulty in applying state law with respect to such claims.[75]  Thus, the fourth factor favor retention.

### 5.   The inefficiencies of proceedings in two forums

The fifth factor, the efficient administration of the estate, favors denying abstention and remand.  The two remaining claims are Transcon's Quantum Meruit Claim and Pearl's Claim for Attorney's Fees.  While non-core, these claims will effectively determine the allowance and amount of Transcon's Proof of Claim filed in Pearl's bankruptcy case.  Hearing these suits in

---

[73] Bankr. ECF No. 120.
[74] ECF No. 6 at 2, ¶ 3.
[75] *Pearl Res. LLC v. Allied OFS LLC (In re Pearl Res. LLC)*, Nos. 20-31585, 20-3077, 2022 Bankr. LEXIS 2675 (Bankr. S.D. Tex. 2022).

bankruptcy court will remove the need for a duplicative claim objection proceeding.  Thus, the fifth factor favors retention.

### 6.  Prejudice to the involuntarily removed party

Factor six, prejudice to involuntarily removed parties, favors remand.  Here, the only involuntarily removed party is Transcon.  Since Transcon and its primary counsel are located in Lubbock, Texas, traveling to Houston, Texas would greatly increase the travel distance and prejudice Transcon.  Thus, the sixth factor favors remand.

### 7.  Comity

The seventh factor is neutral because although the Quantum Meruit Claim and the Claim for Attorney's Fees are Texas state law causes of action, there are no novel issues of state law presented.  Thus, this Court finds that the seventh factor is neutral.

### 8.  Possibility of an inconsistent result

The eighth factor is the lessened possibility of inconsistent results.  Even if the Court were to remand the Quantum Meruit Claim and the Claim for Attorney's Fees, this Court will still need to rule on the Claim Objection.  Retaining jurisdiction over these two claims would lessen the possibility of inconsistent results between this Court and the state court.  Thus, the eighth factor favors retention.

### iv.     Application of the second set of factors

In total, for the second test under § 1452(b), factors four, five, and eight weigh against remand, factor six supports remand, and factors one, two, three, and seven are neutral.  Furthermore, the same considerations discussed above regarding administration of Pearl's bankruptcy estate and the well settled nature of these claims supports retention.  Thus, neither the first nor the second test supports remand.

Accordingly, Transcon's request for equitable remand pursuant to § 1452(a) is denied.

## IV.   CONCLUSION

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.


SIGNED December 6, 2022

_____

Eduardo V. Rodriguez
Chief Judge
United States Bankruptcy Court